CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 1 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELVIN L. BURRELL, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>Defendant. )<br>) | Civil Action No. 7:06cv00044<br><br>By: Hon. Michael F. Urbanski<br>United States Magistrate Judge |

## MEMORANDUM OPINION

Plaintiff Melvin L. Burrell ("Burrell") brought this action for review of the Commissioner of Social Security's decision denying Burrell's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 ("Act"). The parties have consented to the undersigned's jurisdiction, and the case is before the court on cross motions for summary judgment. Having reviewed the record, and after briefing and oral argument, the case is now ripe for decision. Because the decision of the Commissioner is amply supported by substantial evidence and was legally correct, there is no basis for reversal or remand. Accordingly, the defendant's motion for summary judgment must be granted and this appeal dismissed.

I.

Plaintiff was born in 1956, has a twelfth grade education, and past work experience as a construction worker with some skills in detecting gas lines and gas line leaks. (Administrative Record [hereinafter R.] at 71, 117, 122, 376, 380-81) Plaintiff's DIB application claimed a closed period of disability with an onset date of March 19, 2002 through June 24, 2004,

stemming from osteoarthritis in his knees and diabetes.[1] (R. 71, 116) After an administrative hearing, the administrative law judge ("ALJ") issued a decision on December 15, 2004, finding that while Burrell had severe physical impairments during the closed period, he was not disabled because he retained the capacity to perform light work. (R. 24)

After the ALJ's decision, Burrell continued treatment for the above mentioned illnesses, eventually underwent right knee replacement surgery, and additional medical records were submitted to the Appeals Council. The Appeals Council denied Burrell's request for review of the denial of DIB benefits. The Notice of Appeals Council Action indicated that it considered the additional medical evidence, but found that the evidence did not provide a basis for changing the ALJ's decision. (R. 6-7) The ALJ's decision became final for purposes of judicial review under 42 U.S.C. § 405(g) at that time. Plaintiff then filed this action challenging the Commissioner's decision denying his claim for benefits.

## II.

Burrell argues that the ALJ erred in finding that his combined physical impairments did not impose significant functional limitations on his ability to work during the closed period and improperly disregarded Dr. Johnson's opinion that Burrell was disabled from working from March 19, 2002 through June 24, 2004. The Commissioner counters that the ALJ gave proper weight to Dr. Johnson's opinion and considered the record as a whole in determining Burrell was not disabled. Further, the Commissioner argues that Burrell's part-time work as a school bus driver during the period in which he seeks DIB precludes a finding of total disability.

---

[1] During the disability hearing, plaintiff moved to amend the alleged onset date from December 18, 2001 to March 19, 2002 because he did not stop full-time work until the later date.

2

Judicial review of a final decision denying disability benefits under the Act is limited to determining whether the ALJ's findings "are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g)). Accordingly, the reviewing court may not substitute its judgment for that of the ALJ, but instead must defer to the ALJ's determinations if they are supported by substantial evidence. Id. Substantial evidence is such relevant evidence which, when considering the record as a whole, might be deemed adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays, 907 F.2d at 1456; Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

### III.

Burrell argues that the ALJ failed to properly consider his treating physician, Dr. Johnson's, opinion that he was disabled from all work between March 19, 2002 and June 24, 2004. In support of his argument, Burrell states that Dr. Johnson has treated him for several years, he first began seeing Dr. Johnson in 2001 after injuring his knee at work, and that he continued to see Dr. Johnson for pain and stiffness caused by osteoarthritis in both knees. As such, Burrell argues Dr. Johnson's treatment records and his February 2004 functional capacity evaluation should be afforded great weight and should be construed to establish that Burrell was totally disabled as of March 19, 2002, and that he only became able to work on June 24, 2004, after having knee surgery and ample time to recover.

Absent persuasive contradictory evidence, the "treating physician rule" generally "requires that the fact-finder give greater deference to the expert judgment of a physician who

3

has observed the patient's medical condition over a prolonged period of time." Elliott v. Sara Lee Corp., 190 F.3d 601, 607 (4th Cir. 1999). However, a treating physician's opinion may be assigned little or no weight if it is conclusory and/or is not supported by objective testing or the record as a whole. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). Although the ALJ considered Dr. Johnson's February 2004 assessment, the ALJ determined Dr. Johnson's assessment was less than totally restrictive, the restrictions imposed were consistent with sedentary work, and the imposed limitations did not accurately reflect Burrell's actual physical restrictions during the alleged period of disability. (R. 21)

In his February 2004 assessment, Dr. Johnson noted that Burrell could sit up to five hours in an eight hour work day, could stand and/or walk for one hour in an eight hour work day, that he would need the opportunity to change position often and to elevate his left leg, and that he could lift ten pounds occasionally. (R. 278-83) Further, Dr. Johnson indicated these limitations had existed since March 19, 2002. (R. 282) As a threshold matter, Dr. Johnson's assessment clearly does not indicate that Burrell is disabled from performing any work.[2] Further, the physical limitations indicated in Dr. Johnson's February 2004 assessment are inconsistent with the medical evidence and Burrell's documented activities.

Although on or about March 19, 2002, Dr. Johnson opined that Burrell would no longer be able to perform his former employment as a heavy construction laborer at the Gas Company

---

[2] Dr. Johnson's assessment is consistent with a finding that Burrell could do some sedentary work. Sedentary work is defined as work which may require exerting up to ten pounds of force occasionally and/or a negligible amount of force frequently, to lift carry, push, pull, or otherwise move objects. Sedentary work involves sitting most of the time, but may require some standing or walking for brief periods. However, jobs are sedentary if walking and standing are only required sometimes and the other sedentary job requirements are met. http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM

4

due to osteoarthritis in his left knee, he found that Burrell could continue to do work which required significant physical exertion, including work requiring him to lift up to fifty pounds and push or pull up to one hundred pounds. (R. 170) He revised this assessment on June 18, 2002, and limited Burrell to lifting or carrying less than thirty pounds on a regular basis and fifty pounds occasionally, pushing up to fifty pounds, and restricting him from any activity which would cause his knee to lock. (R. 67) Despite his ongoing knee trouble, Burrell was released to drive a bus with a standard transmission on July 27, 2002. (R. 230) Likewise, despite new complaints of right knee pain and a determination that Burrell was now experiencing increased symptoms associated with osteoarthritis in his right knee, on February 20, 2003, Dr. Johnson found that Burrell could continue to drive a bus. (R. 161-62) On August 11, 2003, Burrell was again found fit to drive a school bus, and Dr. Johnson affirmed this finding on October 23, 2003. (R. 218-219, 274, 290-91) Moreover, during the October 23, 2003 exam, Dr. Johnson noted that despite Burrell's ongoing complaints of knee pain, Burrell did not have a noticeable limp and he did not report any difficulty driving the school bus. (R. 274) Again in December 2003, though Burrell complained of increasing knee pain and Dr. Johnson expressed concerns about Burrell's long term ability to drive a bus, Dr. Johnson restated that for the time being Burrell could continue to work as a bus driver. (R. 276)

Burrell's daily activities during the closed period also indicate that his knee pain was not totally disabling. Burrell reported in October 2002 that he drove two bus routes a day for a total of five hours and that between the bus routes he fixed his own meals, watched television, did household chores, mowed the lawn, and helped his mother take care of her personal and household needs. (R. 135-41) Similarly, in October 2003 he reported that he was still driving

5

Case 7:06-cv-00044-mfu   Document 17   Filed 12/01/06   Page 5 of 7   Pageid#: 62

two bus routes a day, without difficulty, and did household chores, including mowing the lawn, heating up meals, and washing dishes. (R. 150-51)

Accordingly, the court finds that the ALJ did not misapply the treating physician rule. Rather, the ALJ properly considered Dr. Johnson's February 2004 assessment, but found the assessment on its face did not indicate that Burrell was wholly disabled from working and that the limitations imposed were not supported by the record. Further, in determining that Burrell's impairments did not significantly impact his capacity to work, the ALJ properly considered Dr. Johnson's treatment notes indicating Burrell was able to work during the closed period of alleged disability and evidence pertaining to Burrell's daily activities, including his part-time employment as a school bus driver. 20 C.F.R. §§ 404.1520, 416.920, see also U.S. v. Somsamouth, 352 F.3d 1271, 1275-76 (9th Cir. 2003); Akin v. Shalala, 17 F.3d 1436 (10th Cir. 1994). Even assuming that Burrell's employment as a school bus driver does not qualify as substantial gainful employment, the fact that Burrell was physically and mentally able to maintain employment as a school bus driver despite his impairments during the closed period demonstrates that he retained the functional capacity to work. See 20 C.F.R. §§ 404.1574, 416.971, 416.972; Garnett v. Sullivan, 905 F.2d 778, 781 (4 th Cir. 1990) (stating that when there was no evidence that claimant's disability interfered with his ability to maintain part-time employment as a school bus driver, the fact that the employment was part-time and was the shortest route available was insufficient to rebut the presumption that claimant was able to do substantial gainful activity). Accordingly, the court finds the ALJ's conclusion that Burrell was not disabled during the period in question is supported by substantial evidence.

6

Case 7:06-cv-00044-mfu   Document 17   Filed 12/01/06   Page 6 of 7   Pageid#: 63

## VI.

For the reasons stated above, the court affirms the final decision of the Commissioner and grants the defendant's motion for summary judgment.

In affirming the final decision of the Commissioner, the court does not suggest that Burrell was totally free of all pain and subjective discomfort during the period in question. However, the objective medical record simply fails to document the existence of any condition which would reasonably have been expected to result in total disability for all forms of substantial gainful employment. It appears that the ALJ properly considered all of the objective and subjective evidence in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. Defendant's motion for summary judgment must be granted.

**ENTER:** This 1st day of December, 2006.

Michael F. Urbanski
United States Magistrate Judge